IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEX ARROYO, ID # 07043291,  )  <br>　　　　Plaintiff,　　　　　　) <br> vs.　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　) <br> VIVIAN MORENO,　　　　　　) <br>　　　　Defendant.　　　　　　) | No. 3:08-CV-0302-P (BH) <br> ECF <br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Plaintiff, a prisoner in the Dallas County Jail, filed this action under 42 U.S.C. § 1983 against his niece, Vivian Moreno. (Compl. at 3-4.) He claims that she has committed perjury and caused his false arrest by alleging that he abused her in 2003. (*Id.* at 4 and attached pages.) No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Contemporaneously with this recommendation, the Court has permitted plaintiff to proceed *in forma pauperis*. His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). The statute provides for *sua sponte* dismissal of the complaint, "or any portion thereof," if the Court finds the action "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See id.* A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when

it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## III. RELIEF UNDER § 1983

Plaintiff sues his niece under 42 U.S.C. § 1983.[1] That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Plaintiff has made no allegation that his niece is a state actor within the meaning of § 1983. Although in some circumstances a private party may be acting "under color of state law" and thus held liable under § 1983, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (recognizing that conspiring with a state actor may subject a private party to § 1983 liability); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989) (recognizing that a private actor may be considered a state actor when he or she "performs a function which is traditionally the exclusive province of the state" or when "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state"), plaintiff's allegations do not invoke any basis for finding his niece to be a state actor. He merely alleges that she has lied to obtain his arrest and incarceration.

---

[1] To the extent plaintiff seeks to dismiss the state criminal case against him, (*see* Compl. at 4 (stating that, as relief in this action, plaintiff wants "a motion to dismiss this case")), such relief is properly pursued in a federal habeas action.

2

Consequently, he has failed to state a viable claim under § 1983 against his niece, and his § 1983 claims should be dismissed as frivolous.[2]

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's federal claims with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent the complaint raises a state defamation claim, it is further recommended that the Court summarily **DISMISS** such state claim without prejudice to plaintiff pursuing it in state court.

**SIGNED this 23rd day of February, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff filed a similar action against his sister, his niece's mother, alleging defamation. *See Arroyo v. Alanis*, No. 3:07-CV-1815-M (N.D. Tex. Oct. 30, 2007) (complaint).