IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEX ARROYO, )<br>    Plaintiff, )<br>vs. )<br>)<br>VIVIAN MORENO, )<br>    Defendant. ) | No. 3:08-CV-0302-P (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

### REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of Reference dated May 29, 2008, the District Court referred Plaintiff's letter/motion to reopen case for report and recommendation.

### I. BACKGROUND

Plaintiff, a former prisoner in the Dallas County Jail, filed this action under 42 U.S.C. § 1983 against his niece, Vivian Moreno. (Compl. at 3-4.) He claims that she has committed perjury and caused his false arrest by alleging that he abused her in 2003. (*Id.* at 4 and attached pages.) On February 23, 2008, it was recommended that the District Court (1) summarily dismiss Plaintiff's federal claims with prejudice because Defendant did not qualify as a state actor as required under § 1983 and (2) dismiss any state claim for defamation without prejudice to Plaintiff pursuing such claim in state court. On March 25, 2008, the Court accepted that recommendation and entered judgment in accordance with it. On May 19, 2008, the Court received a motion to reopen this action from Plaintiff.

### II. MOTION TO REOPEN

Approximately two months after closure of this case, Plaintiff seeks to reopen it because the State of Texas allegedly dismissed the criminal action against him after his niece admitted to lying

about the alleged offense.

Motions to reopen invoke the discretion of the Court, and the "extent of the court's discretion . . . depends, in the first instance, on the particular Federal Rule of Civil Procedure under which the motion arises." *See Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*)). When a party moves for reopening after judgment, the motion "constitutes either a motion to 'alter or amend' under Fed. R. Civ. P. 59(e) or a motion for 'relief from judgment' under Fed. R. Civ. P. 60(b)" depending upon when the party filed the motion. *Id.* Motions filed within ten days of judgment fall under Rule 59(e) whereas later-filed motions fall under Rule 60(b). *Id.*

Because Plaintiff filed the instant motion to reopen after the ten day period for a Rule 59(e) motion, his motion falls under the parameters of Rule 60(b). That rule provides in pertinent part that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for six reasons, including "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" and "(6) any other reason that justifies relief." Based upon his motion to reopen it appears that Plaintiff seeks relief from judgment pursuant to either subparagraph (2) or (6).

Regardless of which specific subparagraph of Rule 60(b) Plaintiff relies upon, he provides no basis to reopen this case. The Court dismissed Plaintiff's federal claims under 42 U.S.C. § 1983 because Defendant is not a state actor. It dismissed any state defamation claim that Plaintiff may have been pursuing without prejudice to Plaintiff pursuing such claim in state court. Although he states that Defendant has now admitted that she lied so that the state would prosecute him, such

2

statement, even if true, provides no basis for relief from the judgment entered in this action. Defendant is still not a state actor and state court is still the proper forum for Plaintiff to pursue a state defamation claim. Nothing in the motion to reopen alters the findings and conclusions of the Court that led to the entry of judgment in this action. The submitted letter/motion justifies no relief from judgment.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** Plaintiff's letter/motion to reopen this case (doc. 9).

**SIGNED this 2nd day of June, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of this report and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the report and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE